Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a proposed popular name and ballot title for a proposed initiated amendment to the Arkansas Constitution. You have previously submitted several similar measures, each of which I rejected due to ambiguities in the text of your proposed amendments.See, e.g., Op. Att'y Gen. 99-265; 99-322; 99-369; 99-393; 99-430; 2000-015 and 2000-055.
 (Popular Name)
EXEMPT FOOD ITEMS FROM STATE AND LOCAL GROSS RECEIPT SALES TAX
 (Ballot Title) AMENDMENT TO EXEMPT FOOD ITEMS DEFINED AS ANY ITEM THAT IS EDIBLE TO ENCLUDE [SIC] DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLIMENTS [SIC] NOT CONTAINING ALCOHOL FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX WITH EXCEPTION TO THOSE EXCLUSIONS HEREIN STATED; TO PROVIDE THIS AMENDMENT SHALL NOT AFFECT THE "ARKANSAS SOFT DRINK TAX ACT"; TO PROVIDE THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON ITEMS ENCLUDED [SIC] IN THE "ARKANSAS SOFT DRINK TAX ACT"; TO PROVIDE ANY ITEMS HEREAFTER EXCLUDED FROM THE "ARKANSAS SOFT DRINK TAX ACT" SHALL BE EXEMPT FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX; PREPARED RESTAURANT FOODS, PREPARED AND SERVED BY A RESTAURANT, OR OTHER BUSINESSES SIMILAR TO RESTAURANTS SERVING PREPARED FOODS AUTHORIZED, AND DEFINED AS A RESTAURANT, OR SIMILAR BUSINESS IN A.C.A. SECTION 26-75-601 THROUGH — 618 AND A.C.A. SECTION 26-75-701; TO PROVIDE THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ANY ALCOHOLIC BEVERAGE TO ENCLUDE [SIC] BEER, WINE, LIQUEURS, CHAMPAGNE AND ALL OTHER INTOXICATING BEVERAGES CONTAINING ALCOHOL FROM THIS AMENDMENT; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. Although typographical errors remain in the text of your measure that I am unauthorized to correct, I cannot conclude that these typographical errors are so misleading as to preclude the writing of an acceptable ballot title under A.C.A. § 7-9-107. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) AN AMENDMENT TO EXEMPT CERTAIN FOOD ITEMS FROM STATE AND LOCAL SALES TAX
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO EXEMPT FOOD ITEMS FROM STATE AND LOCAL GROSS RECEIPTS SALES TAXES; DEFINING FOOD ITEM AS ANY ITEM THAT IS EDIBLE, INCLUDING DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL; PROVIDING, HOWEVER, THAT NOTHING IN THE AMENDMENT SHALL AFFECT: 1) THE" ARKANSAS SOFT DRINK TAX ACT" OR STATE AND LOCAL GROSS RECEIPTS SALES TAXES ON ITEMS INCLUDED IN THE "ARKANSAS SOFT DRINK TAX ACT;" 2) ANY TAXES ON PREPARED RESTAURANT FOODS OR FOOD SERVED BY BUSINESSES SIMILAR TO RESTAURANTS AS DESCRIBED IN A.C.A. 25-75-601 TO -618 AND A.C.A. 25-75-701 (COMMONLY REFERRED TO AS "HAMBURGER TAXES"); OR 3) ANY TAX ON ANY ALCOHOLIC BEVERAGE; EXEMPTING ANY ITEMS HEREAFTER EXCLUDED FROM THE ARKANSAS SOFT DRINK TAX ACT FROM STATE AND LOCAL GROSS RECEIPTS SALES TAXES; MAKING THE PROVISIONS OF THE AMENDMENT SELF-EXECUTING AND EFFECTIVE IMMEDIATELY UPON PASSAGE; REQUIRING THE GENERAL ASSEMBLY AND ALL OTHER STATE OR LOCAL RULE MAKING AUTHORITIES TO MAKE ALL OTHER AND FURTHER LAWS ENFORCING THIS AMENDMENT; MAKING THE AMENDMENT SEVERABLE; REPEALING ALL LAWS AND CONSTITUTIONAL PROVISIONS IN CONFLICT; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure